FLORA LEEDY v. R. H. COCKLEY ET AL.

1. DEVISEE TAKING POSSESSION OF PROPERTY WILLED TO HER HELD ESTOPPED TO CONTEST WILL.

A daughter who has gone into possession of land devised to her by the will of her father, leased the same to a third person and has collected the rents and profits therefrom from the date of the probate of said will is estopped thereby to contest the validity of the will, though the petition therefor was filed within the time prescribed by Gen. Code 12087 for the contest of a will.

2. DEVISEE RECEIVING RENTS AND PROFITS OF LAND DEVISED TO HER AND LEASING SAME WITH KNOWLEDGE OF CONDITION OF ESTATE, ETC., BARS HER CONTEST OF WILL.

A daughter having received the rents and profits of certain land devised to her by the terms of the will of her father, she, after his death, having subjected said land to a lease to a third person, and with full knowledge of the condition of the estate and the terms of the will cannot raise the bar created by the estoppel of her conduct and file and maintain a petition to contest the validity of said will by and on the return of said rents and profits so collected to the executor, or by bringing the money into court. In such case the acceptance of the devise is an abso-

lute bar to the contest of the validity of the will, and it is not error for the trial court to dismiss the action of the plaintiff in such a case.

3. LEGATEE HAVING NO LEGAL PECUNIARY INTEREST EXCEPT LEGACY HELD NECESSARY PARTY TO CONTEST OF WILL.

A person who has no legal pecuniary interest in an estate in case of intestacy and who has only a remainderman's interest by virtue of a will as legatee therein is a necessary party defendant in a proceeding to contest the validity of said will, but has no such an interest under the provisions of Gen. Code 12079 as will permit or allow said person as such legatee to file and maintain an answer or cross petition to contest the validity of the will, or to join in the prayer of the petition to have an issue made up and it is not error for the trial court to dismiss such cross petition of such person.

4. WILL CONTEST NOT PROCEEDING TO QUIET TITLE.

A will contest cannot take the place of a proceeding to quiet title under the statutes of Ohio.

[Syllabus by the court.]

WILL CONTEST.

*C. H. Workman* and *W. S. Kerr*, for plaintiff.

*O. M. Farber* and *A. A. Douglass*, for defendant.

## PER CURIAM.

The plaintiff in error, Flora Leedy, files an amended petition in error, making Rollin H. Cockley executor and trustee of the will of Eliza J. Young, deceased, F. M. Hess, administrator *de bonis non* with the will annexed of the estate of David L. Young, deceased, Harry Leedy, Clyde Leedy, Jay Leedy, Mary Alice Leedy, Mrs. Elsie True, Romilda Leedy, Edwards and Levi Young, defendants in error.

By this petition in error she seeks to reverse the judgment of the court of common pleas in an action pending in that court wherein the parties herein were parties in that court. The defendants in error, Harry Leedy, Clyde Leedy, Jay Leedy, Mary Alice Leedy and Mrs. Elsie True, and Romilda Leedy Edwards, file a cross petition in error and seek the same relief. The defendants, Rollin H. Cockley, executor, etc., and Frank M. Hess, administrator, etc., file motions to strike from the files the cross petition in error of the defendants, Harry Leedy, et al. The grounds of the motion are that the cross petition in error was not

Leedy v. Cockley.

filed within four months from the rendition of the judgment in the court of common pleas; second, that the said Harry Leedy, et al, neither jointly nor severally have such an interest in the estate and will of D. L. Young as to entitle them either to file said cross petition or to maintain the same in this court; and third, because the said Harry Leedy, et al. neither jointly nor severally have such standing as entitles them in law to test the validity of the will.

The matter in controversy had its origin in the court of common pleas by Levi Young and Flora Leedy, filing in that court a petition to contest the last will and testament of David L. Young. Levi Young and Flora Leedy were children of David L. Young. The widow was Eliza Jane Young. The case proceeded with varying fortune, motions, applications for leave to file amended petitions, until July 19, 1909, when the plaintiffs herein got leave to file an amended petition within thirty days, and make Levi Young a party. Just why this action was taken, when Levi Young had been a party plaintiff in the case, is only explained by the entry of the court on that day, wherein it is recited in the journal entry that Levi Young had withdrawn as a plaintiff in the case and that Flora Leedy is the only remaining plaintiff.

We call attention to this fact as the question is made as to Levi Young being a party to the suit. He was a party at the outset and remained a party by his appearance in the case. This is further shown by the action of the court on March 5, 1910, wherein Levi Young prays that he may be permitted to withdraw his separate answer in the above entitled cause, filed in this court October 9, 1909, and refiled November 17, 1909, and the said answer of Levi Young is hereby withdrawn.

It would thus appear that, so far as Levi Young is concerned, from the filing of the petition February 1, 1908, down to March 15, 1910, Levi Young was at all times a party to this suit, first, by his own appearance as plaintiff in the case; and second, by his appearance in the action, filing answers and motions to withdraw the same.

The case finally resulted in a third amended petition being filed herein in which Flora Leedy was plaintiff and the widow,

Richland County.

Eliza J. Young, and the children of Flora, who were given an estate in remainder in certain real estate in the state of Iowa, were also made parties defendant, and Hess and Cockley and Levi Young were defendants.

The plaintiff alleged that the paper writing which had been theretofore admitted to probate, purporting to be the last will and testament of David L. Young, deceased, was not the valid last will and testament of the said David L. Young, and prayed that the issue be made up, and that it be declared not to be the valid last will and testament of the said David L. Young, deceased.

The defendant Cockley, who was the executor and trustee of Eliza Young, who had deceased, filed an answer admitting the probating of the will and substantially admitting the relationship of the parties, and for a second defense setting out the fact that the plaintiff, by the terms of that will, was given the use for life of a certain farm situated in Dallas county, Iowa, of the value of between $16,000 and $20,000 and that immediately on the death of the testator, the plaintiff with full knowledge of the provisions of the will, entered into possession of the Iowa land, and has since been and is now in possession of the same, that her possession is by virtue of the said will, and that she has received the rents and profits of the same, and that, in consequence of the reception and retention of said property, plaintiff cannot now institute and maintain this action to question the validity of the will.

A similar answer was interposed by Hess.

Amended replies were filed to these answers, but it is only necessary to state that she claims that she did not enter into possession of the lands with full knowledge of all the facts concerning the condition of the estate, and that, in consequence of some representations, she simply accepted such issues and profits which she tenders into court "and relinquishes all her right to the future rents and issues of the farm, and each and every right and interest in said estate she had received or would in any way receive by virtue of the provisions of said pretended will."

A jury was empaneled and, at the close of the evidence, the court withdrew the same from the consideration of the jury on

Leedy v. Cockley.

the facts, and held and determined that the plaintiff could not maintain this action to contest the validity of the will, and ordered plaintiff's third amended petition to be dismissed and rendered judgment against her for costs. To all of which plaintiff at the time excepted.

It then appears from the record that the plaintiff filed her motion for a new trial in this action; that the defendants, Harry Leedy and others also filed a motion for a new trial, and that Levi Young filed a motion for a new trial. It is not necessary to consider the motion of Levi Young, for he is not a plaintiff in error in this case.

The questions that are made in this case are: Was the court in error in its judgment in not submitting this case to a jury under the facts as shown in this case?

It appears from the record in this case that Flora Leedy did, in fact, upon the death of her father, D. L. Young, enter into the possession of the real estate devised to her, and has been in possession of the same at the time and during the times she has instituted and was attempting to carry on this suit; that not until answers were filed in the case alleging these facts, did she attempt to make restitution or dispossess herself of the rights so conferred upon her by this will. Now, we think it was too late. Had this been a money legacy, there are authorities that indicate that she might possibly have dispossessed herself of any benefit so bestowed upon her by the will, and made restitution, but in the case at bar, it appears that she not only received the rents, issues and profits, but that she created a leasehold on the estate which was outstanding at the time she was attempting to maintain this suit.

It does not appear that she was misled as to the condition of this estate by any one authorized to represent matters concerning its status. There nowhere appears in this record that she did not have the means of knowing. True, it is said that there was no inventory filed until more than a year after the death of the testator, but nothing appears to indicate that she could not have informed herself fully as to her rights under the will, as to her rights as legatee and heir, to compel full disclosure as to the situation and condition of the estate, so that,

with the means at hand of ascertaining the condition of the estate, and perhaps with full information as to the condition of the estate, she went into possession of the benefits conferred upon her by the will of her father, and we think that she cannot now be heard, after having taken this decisive step, to occupy a distinct and antagonistic position to that which she has taken.

This being so, so far as she is concerned, we think the court was right in holding that, under the facts as shown in the record, she could not institute and maintain an action to contest the will of her father.

But not only did the court dismiss this action as against Flora Leedy, but it dismissed it as against the cross petition of the defendants.

The cross petitioners in the court below were the children of Flora Leedy, the remainder men of the estate which was bestowed upon Flora Leedy for life, and at her death, upon Harry Leedy and the other cross petitioners in remainder.

Now, it is contended that these defendants, who are necessary parties to the contest of the will, had a right to file an answer and cross petition, or a cross petition in the case, seeking the same relief that the plaintiff, Flora Leedy, was asking for. We are cited to R. S. 5858 (Gen. Code 12079): "A person interested in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest the validity thereof in a civil action in the court of common pleas in which such probate was had."

R. S. 5859 (Gen. Code 12080): "All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action."

It is now contended that the terms of these sections are so wide as to include any person interested in a will, and then it is argued "surely devisees are interested in the will or codicil and, therefore, they could contest the same."

It was held by this court and afterward affirmed by the Supreme Court, that a creditor of an heir might contest a will, but we cannot see upon what basis or foundation these devisees who have the estate in remainder, could possibly be said to be

Leedy v. Cockley.

interested in the will so that they might contest the same. They could not receive any advantage were they successful in the contest. They would simply deprive themselves of all right or benefit that would accrue to them by virtue of the provisions of the will; and we do not conceive that a will contest can take the place of a proceeding to quiet title so that they could contest the will, and by a moot court proceeding secure a judgment that it was the valid last will and testament for the protection of their title. Time would ripen their title so that they could not be interfered with in their rights under the will.

We are clearly of the opinion that they are not "persons interested in the will, who would be authorized to contest the will, and that, therefore, the court was right as against these persons filing the cross petition in the court below, holding that the contest should not proceed but be dismissed as to them.

It further appears, however, that they cannot secure a reversal of the judgment of the court below because they took no exception to the action of the court in dismissing the petition, and while they may have filed a motion for a new trial, yet exceptions must be entered at the time the action of the court was had.

So that we find no error in the action of the court in dismissing the proceedings in the court of common pleas as against the cross petitioners or any of them.

As to the motion that was filed in this court to dismiss the cross petition in error of these remainder men, we do not deem it necessary to pass on the same in the view that we take of this case. We think that the affirmance of the judgment of the court below is decisive of the rights of the parties, and the judgment of the court of common pleas is affirmed with costs and the cause remanded for execution.

Exceptions may be entered on behalf of the plaintiffs in error and the cross petitioners in error. Exceptions may be entered in behalf of the persons filing the motion to dismiss the cross petition in error.